HOOFF v. LADD. See Case No. 6,6C9.

HOOFF (VIRGINIA v.). See Case No. 16,-962.

## Case No. 6,671.

### In re HOOK.

[2 Dill. 92.] [1]

Circuit Court, E. D. Missouri. 1872.

HOMESTEAD EXEMPTION STATUTE OF MISSOURI CONSTRUED—PREVIOUS DEBTS AND LIABILITIES.

The Missouri homestead-exemption statute provided that it "should not apply to any debts or liabilities contracted before" it took effect: Held, that where a public administrator gave an official bond and received personal property of the decedent before the homestead statute went into force, his liability to the heirs and distributees arose in such a sense as to deprive him of a homestead exemption in property acquired after he received the assets of the estate, although it did not appear that at the time the property claimed as a homestead was acquired, the administrator had then converted the assets of the estate which had come into his hands.

This cause is here under the second section of the bankrupt act to review an order of the district court for the Eastern district of Missouri. In 1861, the bankrupt [Zadok] Hook became the public administrator for Callaway county, Missouri, and gave an official bond, with sureties, for the faithful performance of his duties. See Hook v. Payne, 14 Wall. [81 U. S.] 253; Same Case, 7 Wall. [74 U. S.] 425. In February, 1861, he took upon himself the administration of the estate of one Fielding Curtis, and at that time received personal property to the amount of $75,000 belonging to the estate. Afterwards, the distributees and next of kin of the said Fielding Curtis brought suit against Hook and his sureties on the administration bond, and recovered judgment against him in this court for over $40,000, which remains unsatisfied, and which has been proved up in bankruptcy against Hook's estate. After the execution of the bond of Hook as public administrator, and after Hook obtained possession of the property of the estate of Fielding Curtis, but before any conversion of the property by Hook is shown to have occurred, Hook acquired the property in which he now claims a homestead right. On the 23d day of March, 1863, the Missouri homestead act was passed (Laws 1863, p. 21). This act gives a homestead right to the extent of $1.000; and it is provided by the act itself that it "shall not apply to any debts or liabilities contracted before" it took effect, which was on the 23d day of March, 1863. In 1869, the homestead property was sold by the assignee in bankruptcy, yielding a surplus of $2,400 after paying off the incumbrance upon it; and Hook filed in the bankruptcy court his petition for an order on the assignee to set aside and pay over to him $1,000, as exempt

to him in lieu of his homestead; and this petition was resisted by the distributees and next of kin of the said Fielding Curtis, who obtained against the bankrupt the aforesaid judgment.

Glover & Shepley and Mr. Meyers, for creditors.

W. B. Thompson and Henderson & Hayden, for bankrupt.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge. We hold that the bankrupt is not entitled to the exemption; that the claim of the heirs and distributees was a liability contracted before, and in existence when, the homestead act was passed. Affirmed.

Construction of homestead exemption provisions. See Cox v. Wilder [Case No. 3,308], and cases cited in note.

## Case No. 6,672.

### In re HOOK.

[11 N. B. R. 282.] [1]

District Court, D. New Hampshire. 1874.

BANKRUPTCY—PROOF OF DEBT—PROMISSORY NOTES—ACCOMMODATION.

1. B. sought to prove against the bankrupt's estate, five promissory notes signed by C. and indorsed by the bankrupt. It appeared from the evidence that the bankrupt was in the practice of indorsing accommodation notes for C., and that the notes in question were given as security for such indorsements. The bankrupt indorsed and delivered them to H. for a consideration of about one-fifth of the face of the whole five. Some time thereafter, H. delivered them to B. without indorsing, for two lots of land valued at eight hundred or one thousand dollars, which he has never conveyed to H., but still holds. All the notes, except one, were overdue at the time of the transfer, and H. told B. that there was trouble between the bankrupt and C. Held, that the notes were without consideration as against C.'s estate, and could not be proved against it by the bankrupt for anything more than nominal damages, until he had been called upon to pay the notes he had indorsed for C.'s accommodation, nor by any one holding them without paying a valuable consideration, or with notice that there was no consideration therefor or in fraud of C.'s estate.

2. H. is chargeable with notice, for he was put on his inquiry by his knowledge of trouble between C. and the bankrupt, and by the exceedingly low figure at which the notes were sold; and if he neglected to inquire, he must be charged with all the knowledge he would have obtained if he had made inquiry or examination. B. does not stand any better in this respect than H., and he must be chargeable with notice of all the infirmities of the notes.

3. The notes in question cannot be proved for any sum.

Question as to proof of debt, certified to the court by Thomas E. Sawyer, register in bankruptcy.

CLARK, District Judge. The creditor, Bowley, seeks to prove against the estate of the bankrupt five promissory notes, all

---

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

1 [Reprinted by permission.]